UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DESTINY CHRISTIAN CENTER | * | Civil Action No.: 23-3061 |
| | * | |
| Plaintiff, | * | |
| | * | |
| versus | * | |
| | * | Judge: |
| CENTURY SURETY COMPANY | * | |
| | * | Magistrate Judge: |
| Defendant. | * | |
| | * | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

NOW COMES Plaintiff, **DESTINY CHRISTIAN CENTER**, through undersigned counsel, who respectfully represents that:

**PARTIES**

1. Made Plaintiff herein is **DESTINY CHRISTIAN CENTER** (hereinafter "Plaintiff"), a citizen of Louisiana, is a Louisiana non-profit corporation, incorporated under the laws of Louisiana with its principal place of business located at 604 Main Street, LaPlace, St. John the Baptist Parish, Louisiana 70466.

2. Made Defendant herein is CENTURY SURETY COMPANY (hereinafter "Defendant"). Upon information and belief, CENTURY SURETY COMPANY is a foreign insurance company approved to issue policies in Louisiana through a surplus lines broker and that it may be served through the Louisiana Secretary of State, 8585 Archive Avenue, Baton Rouge, Louisiana 70809.

**JURISDICTION AND VENUE**

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, and Federal Rule of Civil Procedure 57.

1

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §2201, as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the plaintiff and defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). The amount in controversy in a declaratory judgment action is determined by the object of the litigation; here, the object of the action will determine whether the Plaintiff's losses are covered under the Defendant's policy of insurance.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

**FACTUAL BACKGROUND**

9. The Plaintiff contracted with Defendant to insure the properties located at 604 Main Street, 607 Main Street, and 612 Main Street, LaPlace, Louisiana 70068 (hereinafter "Insured Premises").

10. The Defendant utilized and relied on Crossland Insurance Agency, LLC to administer the policy (hereinafter "Crossland").

11. The Insured Premises is the location of a non-profit religious institution, who has actively served St. John the Baptist Parish since its inception in November 2003.

12. The Insured Premises is covered under a policy of insurance issued by the Defendant with policy number believed to be CCP 947839 (hereinafter "Policy"). The Policy was in full effect during the period of December 4, 2020, through December 4, 2021.

13. Defendant assessed the risk of insuring the Plaintiff and provided Replacement Cost Value coverage following their evaluation of the property.

14. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

15. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of premium, Defendant would abide by the terms of their policy and timely pay for any covered losses that may occur.

16. On August 29, 2021, while the policy was in full force and effect, the Insured Premises sustained significant damages resulting from Hurricane Ida, a major Category 4 hurricane.

17. Devastating winds, wind-driven rain, and a life-threatening storm surge lasted for several hours as the hurricane slowly passed over LaPlace, Louisiana.

18. Hurricane Ida resulted in extensive damage to LaPlace and Southeast Louisiana, including the destruction of the power grid and thousands of structures.

19. As a result of Hurricane Ida, the Insured Premises suffered extensive damage, particularly to its structure and contents.

20. Plaintiff provided timely and proper notice to Defendant of their Hurricane Ida loss.

21. In compliance with the policy, which states that it is the duty of the Plaintiff to "take all reasonable steps to protect the [Insured Premises] from further damage," (Policy, *"Building And Personal Property Coverage Form,* Section E, *Loss Conditions* 3. *Duties in the Event of Loss or Damage"*) Plaintiff began mitigating the loss as soon as possible.

22. Plaintiff is entitled to recovery of all benefits due under the Policy resulting from Hurricane Ida to the Insured Premises, including, but not limited to, the structural loss, recoverable depreciation, and business personal property.

23. Defendant retained Crawford Global Technical Services on behalf of the Defendant per their introductory communication on or about September 2, 2021.

24. On or about September 6, 10, and 22, 2021, again in December 2021, and in January 2022, the Defendant and their consultants were given full access to inspect the Insured Premises.

25. The extensive damage to the Insured Premises was open and obvious at the time of Crawford and Defendant's consultants' post-loss inspections.

26. Louisiana law provides claim handling timelines strictly construed under Louisiana law.

27. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest.

28. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim.

29. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and La. Stat. Ann. §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

30. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the

amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

31. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

32. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

34. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

35. Defendant retained MKA International Inc. to inspect the Insured Premises on various occasions in 2021 and 2022.

36. Defendant also retained Eagleview to inspect the Insured Premises on September 16, 2061.

37. During these inspections, the extensive damage to the buildings was visible and obvious.

38. Defendant knew or should have known that the undisputed amount of the claim must be disbursed and cannot be delayed because other portions of the claim have not been decided.

5

*Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

39. Plaintiff has had to retain undersigned counsel to handle communications with Defendant in an attempt to bring the claim to conclusion.

40. In addition to the proof of loss evidenced on inspections and other information provided, a formal and sufficient proof of loss package with all the evidence of the loss was provided to the Defendant on November 27, 2022.

41. The proof of loss submission provided further satisfactory proof of loss to the Defendant as it contained all of the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss. The proof of loss is more than sufficient evidence and information for the Defendant to make a determination on the loss, particularly the building coverage.

42. Defendant has failed to timely and reasonably adjust the loss and tender all of the evidenced amount.

43. Defendant has issued some ACV payments to Plaintiff, which payments are insufficient to cover the damages to the Insured Premises.

44. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

45. Defendant, under information and belief, cannot show evidence of the claimed damages to the structures pre-existing Hurricane Ida. Indeed, Defendant accepted a high premium to insure the insured premises due to its good condition.

46. The use of engineers as causation deniers is a systematic tactic that has been utilized by carriers to deny coverage during catastrophic losses, including Hurricane Katrina and Superstorm Sandy. This abusive tactic has been acknowledged by Courts with subsequent sanctions and

federal senate hearings. *See In re Hurricane Sandy Cases*, 303 F.R.D. 17 (E.D.N.Y.), opinion clarified, No. 14 MC 41, 2014 WL 12661272 (E.D.N.Y. Dec. 12, 2014), and *aff'd sub nom. Raimey v. Wright Nat. Flood Ins. Co.*, 76 F. Supp. 3d 452 (E.D.N.Y. 2014)

47. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and has wrongfully or unfairly limited payment on the Plaintiff's claim.

48. Defendant has unjustifiably failed to release recoverable depreciation to Plaintiff, despite having received general contractor invoices and photographs evidencing the completed repairs.

49. Defendant is clearly aware of the increasing liability and damage to Plaintiff the longer the claim is delayed and underpaid. Nevertheless, Defendant continues to unreasonably withhold funds owed under the Policy.

50. Defendant has unjustifiably failed and/or refused to perform their obligations under the Policy and has wrongfully or unfairly limited payment on the Plaintiff's claim.

## CAUSES OF ACTION

51. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## BREACH OF CONTRACT

52. Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

53. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

54. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

55. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

56. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

### DAMAGES

57. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Structural damages;

   c. Loss of business personal property;

   d. Inability to make appropriate repairs due to inadequate insurance payments;

   e. Inability to pay various contractors due to Defendant's lack of payments;

  f. Any and all other applicable damages arising under any of the policy's sub-coverage limits;

  g. Diminution in value of property;

  h. Actual damages related to the increased cost of repairs;

  i. Attorney's fees and penalties; and

58. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

59. Plaintiff affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury.

60. Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserves the right to supplement and amend this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DESTINY CHRISTIAN CENTER, prays that this complaint be filed into the record, that Defendant, CENTURY SURETY COMPANY, be cited to appear and answer same, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, DESTINY CHRISTIAN CENTER, and against Defendant, CENTURY SURETY COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, DESTINY CHRISTIAN CENTER, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, CENTURY SURETY COMPANY, declaring that in their transaction of insurance, CENTURY SURETY COMPANY, has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the initial inspection of the property on

or about September 6, 2021 and/or receipt of the November 27, 2021 satisfactory proof of loss submission and breached said obligation.

| | |
|---|---|
| Dated: 08.02.2023 | Respectfully submitted, |
| | GAUTHIER MURPHY & HOUGHTALING, LLC |
| | /s/ George P. Riedel |
| | GEORGE P. RIEDEL, BAR NO. 35981 |
| | 3500 N. Hullen Street |
| | Metairie, Louisiana 70002 |
| | Telephone: (504) 456-8600 |
| | Facsimile: (504) 456-8624 |
| | Email: george@gmhatlaw.com |
| | ATTORNEY FOR PLAINTIFF |

Please serve:

CENTURY SURETY COMPANY
Through its Agent of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809